THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO. _____

THE BURLINGTON INSURANCE
COMPANY,

    Plaintiff,

v.

THE WEITZ COMPANY, LLC,

    Defendant.

_____

## COMPLAINT FOR DECLARATORY JUDGMENT

Plaintiff, THE BURLINGTON INSURANCE COMPANY ("Burlington"), hereby files its Complaint for Declaratory Judgment against Defendant, THE WEITZ COMPANY, LLC ("Weitz"), and states as follows:

### PARTIES

1. At all times material hereto, Plaintiff, Burlington is an insurance company, organized and existing under the laws of the State of North Carolina, with its principal place of business in Burlington, North Carolina.

2. At all times material hereto, Weitz is an Iowa limited liability company, with its principle place of business in Des Moines, Iowa. Pursuant to 28 U.S.C. §1332, all members of Weitz are citizens of Des Moines, Iowa. Weitz is a proper party to this declaratory judgment action because Burlington's insured, Firestop Specialties, Inc. ("Firestop") assigned to Weitz all of its right, title and interest in any cause(s) of action that it has against the insurers who provided coverage to Firestop, and entered into a consent judgment in the amount of $5 million

in favor of Weitz.

## JURISDICTION AND VENUE

3.  This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §§2201 and 1332(a)(1), because at all times material hereto the Plaintiff and Defendant are citizens of different states, and the matter in controversy, exclusive of interest and costs, exceeds Seventy-Five Thousand Dollars ($75,000.00).

4.  Venue is proper in this district under 28 U.S.C. §1391(a)(2) as a substantial part of the events giving rise to this claim occurred in this district.

## GENERAL ALLEGATIONS AND FACTUAL BACKGROUND

5.  Burlington issued a Commercial General Liability policy (hereinafter "the Policy"), under Policy number 167BW00463, for policy period March 9, 2003 through March 9, 2004 to Firestop. A true and correct copy of the Policy is annexed hereto as **Exhibit "A"**.

6.  This is an action by Plaintiff, Burlington against Defendant, Weitz for declaratory relief pursuant to 28 U.S.C. §§ 2201-2202. Burlington seeks a declaration that:

    a)  The lack of notice to Burlington by Firestop that it was being sued by Aero Cooling Systems, Inc. ("Aero") in a Fourth Party Complaint relieves Burlington of any obligation to pay under the Policy for a consent judgment Firestop agreed to after a default judgment was entered against it and executed an assignment of its rights in favor of Weitz;

    b)  The lack of notice to Burlington was prejudicial as a matter of law because Burlington did not receive notice of the lawsuit against Firestop until after a default was entered and until after Firestop consented to a judgment to be paid by its insurers, with an assignment of rights to Weitz, and as such, Burlington

is relieved of its obligation to make any payments under the Policy;

c) Firestop's actions of voluntarily entering into a consent judgment with Weitz without Burlington's consent breached the conditions of the Policy as set forth below, thereby alleviating any obligation by Burlington to make any payments under the Policy;

d) No coverage exists under the Policy because the damage at issue did not manifest until after the expiration of the policy term, and therefore Burlington has no obligation to pay the consent judgment;

e) Alternatively, there is no coverage to the extent that such damages claimed constitute the cost of repair or replacement of defective design and/or workmanship in a construction project; and

f) Alternatively, coverage is barred to the extent that such damages claimed arise out of, in whole or in part, of "fungus" as defined under the policy.

### The Underlying Litigation

7. A suit captioned *CC-Aventura, Inc., et. al. v. The Weitz Company, LLC, et. al.* (Case No.: 06-21598-CIV-HUCK) was filed in the United States District Court for the Southern District of Florida in connection with the "Aventura Project". In this matter, the general contractor for the CC-Aventura/Classic Residence by Hyatt, Weitz, was being sued by the property owner of that project for its allegedly deficient work. This matter involved the "Classic Residence by Hyatt Property" located at 19333 West Country Club Drive, Aventura, Florida 33180. A true and correct copy of the Complaint is annexed hereto as **Exhibit "B."**

8. The underlying litigation alleged that Weitz had entered into a written subcontract with Aero to perform the HVAC work on the "Aventura Project".

9. Additionally, the underlying litigation alleged that Aero had subcontracted with Burlington's insured, Firestop, to provide complete firestopping of all HVAC duct penetrations and mechanical pipe penetrations through fire rated walls at the "Aventura Project", and firestopping was performed in 2002 and 2003.

10. On October 30, 2006, Weitz filed a third-party action against Aero in *CC-Aventura, Inc., et. al. v. The Weitz Company, LLC, et. al.* (Case No.: 06-21598-CIV-HUCK). Thereafter, Aero filed a Fourth Party Complaint against Firestop on January 29, 2007 alleging that the work performed by Firestop was deficient and contributed to various damages sustained by the property owner, CC-Aventura/Classic Residence by Hyatt. Firestop was served on March 1, 2007. Burlington was <u>never</u> notified of this Fourth Party Complaint against its insured, Firestop. A true and correct copy of Weitz's Third Amended Complaint is annexed hereto as **Exhibit "C"**.

11. Counsel for Firestop withdrew on July 7, 2010, and a default judgment was entered against Firestop on August 30, 2010, because Firestop did not have counsel and a corporation cannot appear *pro se*. A true and correct copy of the Court's Order for Entry of a Default Judgment against Firestop is annexed hereto as **Exhibit "D"**.

12. As part of a global settlement between the Owners of the Project and the original Defendants in *CC-Aventura, Inc., et. al. v. The Weitz Company, LLC, et. al.* (Case No.: 06-21598-CIV-HUCK), Aero assigned its claims against Firestop to Weitz.

13. Subsequently, Weitz and Firestop agreed to a settlement of the claims, and, according to a letter sent by Vincent Vaccerella, Esq., counsel for Weitz, Firestop entered into a $5 million consent judgment with Weitz, assigning all of its rights and interests in any cause of action(s) against the insurers who provided coverage to Firestop for the purpose of extinguishing

that sum. A copy of the correspondence sent by Vincent Vaccerella, Esq. dated January 7, 2011 is annexed hereto as **Exhibit "E"**.

## The Insurance Policy

14.    The policy provides in pertinent part, as follows:

**SECTION IV – COMMERCIAL GENERAL LIABILITY CONDITIONS**

**2. Duties In The Event of Occurrence, Offense, Claim or Suit**

    **a.**    You must see to it that we are notified as soon as practicable of an "occurrence" or an offense which may result in a claim. To the extent possible, notice should include:

        (1)    How, when and where the "occurrence" or offense took place;

        (2)    The names and addresses of any injured persons and witnesses; and

        (3)    The nature and location of any injury or damage arising out of the "occurrence" or offense.

    **b.**    If a claim is made or "suit" is brought against any insured, you must:

        (1)    Immediately record the specifics of the claim or "suit" and the date received; and

        (2)    Notify us as soon as practicable.

    You must see to it that we receive written notice of the claim or "suit" as soon as practicable.

    **c.**    You and any other involved insured must:

        (1)    Immediately send us copies of any demands, notices, summonses or legal papers received in connection with the claim or "suit";

        (2)    Authorize us to obtain records and other information;

        (3)    Cooperate with us in the investigation or settlement of the claim or defense against the "suit"; and

5

HICKS, PORTER, EBENFELD & STEIN, P.A.
799 BRICKELL PLAZA, 9TH FLOOR, MIAMI, FL 33131 • TEL. 305/374-8171 • FAX 305/372-8038

   (4) Assist us, upon our request, in the enforcement of any right against any person or organization which may be liable to the insured because of injury or damage to which this insurance may also apply.

  d. No insured will except at that insured's own cost, voluntarily make a payment, assume any obligation, or incur any expense, other than for first aid, without our consent.

15. Additionally, **SECTION I – COVERAGES** provides as follows:

**COVERAGE A BODILY INJURY AND PROPERTY DAMAGE LIABILITY**

**1. Insuring Agreement**

 a. We will pay those sums that the insured becomes legally obligated to pay as damages because of "bodily injury" or "property damage" to which this insurance applies. We will have the right and duty to defend the insured against any "suit" seeking those damages. However, we will have no duty to defend the insured against any "suit" seeking damages for "bodily injury" or "property damage" to which this insurance does not apply. We may, at our discretion, investigate any "occurrence" and settle any claim or "suit" that may result. But: . . .

 b. This insurance applies to "bodily injury" and "property damage" only if:

   (1) The "bodily injury" or "property damage" is caused by an "occurrence" that takes place in the "coverage territory"; and

   (2) The "bodily injury" or "property damage" occurs during the policy period.

        \*  \*  \*

**SECTION V – DEFINITIONS**...

3. "Bodily injury" means bodily injury, sickness or disease sustained by a person, including death resulting from any of these at any time.

        \*  \*  \*

13. "Occurrence" means an accident, including continuous or repeated exposure to substantially the same general harmful conditions.

\*   \*   \*

17.  "Property damage" means:

   a.  Physical injury to tangible property, including all resulting loss of use of that property. All such loss of use shall be deemed to occur at the time of the physical injury that caused it; or

   b.  Loss of use of tangible property that is not physically injured. All such loss of use shall be deemed to occur at the time of the "occurrence" that caused it.

*See* Exhibit "A", Form CG 00 01 07 98.

16.  Pursuant to the Endorsement entitled "Exclusion - Fungus, Dry-Rot or Decay", the Policy also excludes coverage for "property damage" and costs and expenses arising out of, in whole or in part, fungus and/or its by-products. "'Fungus(i)' means any of a plant-like group of organisms that does not produce chlorophyll; they derive their food either by decomposing organic matter from dead plants and animals or by parasitic attachment to living organisms, thus often causing infections and disease. The word 'fungus(i)' includes molds, mildews, musts, and the rusts and smuts that infect grain and other plants. 'Fungus(i)' does not include mushrooms that are a product of agriculture grown for human consumption." *See* Exhibit "A", Exclusion – Fungus, Dry-Rot or Decay, IFG-G00036 0801.

17.  The policy provides "[w]e will pay those sums the insured becomes legally obligated to pay as damages because of ... 'property damage' to which this insurance applies." *See* Exhibit "A", Form CG 00 01 07 98.

### COUNT I

**For a Declaration that Burlington has no obligation to pay under the Policy due to its Insured's breach of Policy conditions**

18.  Burlington incorporates the allegations set forth within Paragraphs 1 through 17 as if fully set forth herein.

7

HICKS, PORTER, EBENFELD & STEIN, P.A.
799 BRICKELL PLAZA, 9TH FLOOR, MIAMI, FL 33131 • TEL 305/374-8171 • FAX 305/372-8038

19. Burlington was never notified of the Fourth Party Complaint filed by Aero against Firestop.

20. Burlington never received suit papers in connection with the Fourth Party Complaint against Firestop.

21. This lack of notice was in direct contravention to the policy conditions set forth above.

22. Furthermore, this lack of notice was prejudicial to Burlington as a matter of law because Burlington did not receive notice of the lawsuit against Firestop until *after* a default was entered, and until *after* Firestop consented to a judgment to be paid by its insurers, with an assignment of rights to the Weitz Company.

23. Since, Firestop's liability was already established, as was the amount of damage, and there is no ability to move to set aside the default or appeal, Burlington has now lost all ability to defend.

24. Thus, Burlington's loss of its opportunity to defend Firestop was, in fact, prejudicial as a matter of law. And, therefore, Burlington is relieved of any obligation to make any payments under the Policy.

25. Moreover, Firestop's actions of voluntarily entering into a consent judgment with Weitz without Burlington's consent breached the conditions of the Policy as set forth above.

26. A controversy exists between Burlington and Weitz regarding the obligations of Burlington to Weitz under its insured's Policy with respect to the claims arising from the "Aventura Project".

27. This controversy is substantial and is of sufficient immediacy and reality to warrant the issue of a declaratory judgment.

28. Due to the positions taken by the Defendants, Burlington is in doubt as to its rights and obligations under its Policy.

29. The requested declaratory judgment will clarify and settle the legal relations in issue and terminate and afford relief from the uncertainty giving rise to this proceeding.

**WHEREFORE**, Burlington seeks a declaration that:

a) The lack of notice to Burlington by Firestop that it was being sued by Aero in a Fourth Party Complaint relieves Burlington of any obligation to pay under the Policy for a consent judgment Firestop agreed to after a default judgment was entered against it and executed an assignment of its rights in favor of Weitz; and

b) The lack of notice to Burlington was prejudicial as a matter of law because Burlington did not receive notice of the lawsuit against Firestop until after a default was entered and until after Firestop consented to a judgment to be paid by its insurers, with an assignment of rights to Weitz, and as such, Burlington is relieved of its obligation to make any payments under the Policy;

c) Firestop's actions of voluntarily entering into a consent judgment with Weitz without Burlington's consent breached the conditions of the Policy as set forth above, thereby alleviating any obligation by Burlington to make any payments under the Policy; and

d) Such further and other relief this Court deems just and proper.

## COUNT II

**For a Declaration that no coverage exists under the Policy because the damage at issue did not manifest until after the expiration of the Policy term, and therefore Burlington has no obligation to pay the consent judgment**

30. Burlington incorporates the allegations set forth within Paragraphs 1 through 17

as if fully set forth herein.

31. The Policy issued to Firestop from Burlington was in effect from March 9, 2003 to March 9, 2004.

32. According to Weitz's Third Amended Complaint in *CC-Aventura, Inc., et. al. v. The Weitz Company, LLC, et. al.* (Case No.: 06-21598-CIV-HUCK), the water damage and mold growth was first discovered on or about September 16, 2004. The policy term ended on March 9, 2004.

33. Since the "property damage" first manifested outside the policy period of March 9, 2003 to March 9, 2004 it is deemed to have occurred outside the policy period, and there is no coverage.

34. Since there is no coverage under the Policy as detailed above, Burlington has no obligation to pay the consent judgment.

35. There is an actual controversy between the parties which is definite and concrete, touching on the legal relations of the parties having adverse legal interests.

36. This controversy is substantial and is of sufficient immediacy and reality to warrant the issue of a declaratory judgment.

37. Due to the positions taken by the Defendants, Burlington is in doubt as to its rights and obligations under its Policy.

38. The requested declaratory judgment will clarify and settle the legal relations in issue and terminate and afford relief from the uncertainty giving rise to this proceeding.

**WHEREFORE**, Burlington requests that this Court enter a declaratory judgment adjudging and declaring that:

a) No coverage exists under the Policy because the damage at issue did not manifest

and did not occur until after the expiration of the policy period, and therefore Burlington has no obligation to pay the consent judgment;

b)   Such further and other relief this Court deems just and proper.

## COUNT III

### For a Declaration that no coverage exists under the Policy to the extent that that such damages claimed are for the cost of repair or replacement of defective design and/or workmanship in a construction project; and/or to the extent that such damages claimed arise out of, in whole or in part, of "fungus" as defined under the Policy

39.   Burlington incorporates the allegations set forth within Paragraphs 1 through 17 as if fully set forth herein.

40.   As set forth in the Policy, there is no coverage to the extent that the damages claimed do not constitute "property damage" as the term is defined under the Policy.

41.   As such, there is no coverage to the extent the claims are for the cost of repair or replacement of alleged defective design and workmanship in a construction project.

42.   Moreover, According to Weitz's Third Amended Complaint in *CC-Aventura, Inc., et. al. v. The Weitz Company, LLC, et. al.* (Case No.: 06-21598-CIV-HUCK), the damages included "mold growth". As such, coverage is excluded under the Exclusion for Fungus, Dry-Rot or Decay.

43.   There is an actual controversy between the parties which is definite and concrete, touching on the legal relations of the parties having adverse legal interests.

44.   This controversy is substantial and is of sufficient immediacy and reality to warrant the issue of a declaratory judgment.

45.   Due to the positions taken by the Defendants, Burlington is in doubt as to its rights and obligations under its Policy.

46.   The requested declaratory judgment will clarify and settle the legal relations in

issue and terminate and afford relief from the uncertainty giving rise to this proceeding.

47. Accordingly, Burlington seeks a declaration that no coverage exists under the Policy to the extent that the damage at issue is for the cost of repair or replacement of defective design and/or workmanship in a construction project, and/or "mold".

**WHEREFORE**, Burlington requests that this Court enter a declaratory judgment adjudging and declaring that:

    a) There is no coverage to the extent that such damages are for the cost of repair or replacement of defective design and/or workmanship in a construction project;

    b) Coverage is barred to the extent that such damages claimed arise out of, in whole or in part, of "fungus" as defined under the policy; and

    c) Such further and other relief this Court deems just and proper.

Dated: March ___, 2011

                                                      Respectfully submitted,

                                                      HICKS, PORTER, EBENFELD & STEIN, P.A.
799 Brickell Plaza, Suite 900
Miami, FL 33131
Tel:   305/374-8171
Fax:  305/372-8038
Email: iporter@mhickslaw.com
Email: tbrodsky@mhickslaw.com
*Counsel for Plaintiff, Burlington Insurance Co.*

By:   s/Irene Porter
       IRENE PORTER
       Florida Bar No. 567280